**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Kenni Daniel HERNANDEZ,**
**Defendant–Appellant.**

**No. 12–20155**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 5, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly Estelle Odom, Esq., H. Michael Sokolow, Assistant Federal Public Defenders, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Kenni Daniel Hernandez appeals from his bench trial conviction for illegal reentry by a previously deported alien after an aggravated felony. He argues that the

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court should have granted his motion to dismiss because he was not indicted within 30 days of his arrest, as required by the Speedy Trial Act. We review the district court's factual findings regarding a Speedy Trial Act motion for clear error and its legal conclusions de novo. *United States v. De La Pena–Juarez,* 214 F.3d 594, 597 (5th Cir.2000).

Although the Speedy Trial Act generally does not apply when a defendant is detained on civil deportation charges, Hernandez seeks to invoke the "ruse exception," which is applicable only if a defendant establishes "that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution." *Id.* at 598. He asserts that he was not indicted within 30 days after immigration officials internally slated him for possible prosecution. Our review of the record and the testimonies presented at the evidentiary hearing supports the district court's finding that the ruse exception was not applicable in this case. The district court therefore properly denied his motion to dismiss.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.